112 N.J. Super. 513 (1970)
271 A.2d 905
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM RODRIGUEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1970.
Decided December 17, 1970.
*514 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. George A. Marz, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Herbert I. Wachstein, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. I. Michael Heine, Assistant Prosecutor, argued the cause for respondent (Mr. A. Donald Bigley, Camden County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals, pursuant to leave granted, from a County Court order denying his motions for dismissal of four indictments, each charging him with the unlawful sale of marijuana (N.J.S.A. 24:18-4) to State Trooper Irizarry on September 2 and 7, 1966, in Camden, New Jersey.
At the time Irizarry was a police undercover agent. The alleged offenses took place on the above noted dates in a Camden poolroom managed by defendant. Irizarry was participating in a large undercover narcotic investigation which commenced in August 1966 and terminated in January 1968. State Police detective Joseph DiCaro, assigned to the narcotics bureau, was the supervisor of the investigation and Irizarry was working under him.
The four indictments against defendant were returned in September 1966. However, they as well as all other indictments returned as a result of the above investigation *515 were impounded and not released until April 1968. Arrest raids generally took place in May 1968. The police raided premises on Haddon Avenue, Camden where they thought defendant resided with his family but they found it empty. He was not apprehended until October 3, 1969.
Defendant's motions for dismissal were grounded upon his contention that the three-year delay between the alleged offenses and his arrest deprived him of his right to a speedy trial, due process and the effective assistance of counsel. The same arguments are advanced on this appeal, with the addition of a claim that the delay was purposeful and oppressive. Defendant asserted below and now asserts that presently he is unable to recall the dates of the alleged offenses, his activities during those days, or any persons with whom he may have come in contact.
An accused who asserts that his rights of due process and to a speedy trial have been violated by reason of a delay between an offense allegedly committed by him and his arrest therefor has the burden of establishing both that (1) there was no legitimate reason for the delay and (2) he was prejudiced thereby. Powell v. United States, 122 U.S. App. D.C. 229, 352 F.2d 705, 708 (D.C. Cir.1965). The court in Powell in determining that the delay therein was supported by a "commendably legitimate reason" stated:
Use of undercover agents is a necessary and accepted police practice, and the interest of the Government in keeping an agent's identity secret for a reasonable period is a legitimate basis for delaying the arrest of an individual wrongdoer while the agent is continuing his covert investigations. [at 708]
See also, State v. Rountree, 106 N.J. Super. 135 (Cty. Ct. 1969), wherein the court in a thorough and well reasoned opinion set forth the various matters necessary to be considered in arriving at an evaluation of the problem here involved.
Detective DiCaro testified that all indictments resulting from the Camden area undercover narcotic investigation *516 were impounded to protect the undercover agent and the investigation which he was conducting. They were released in April 1968, the investigation having been concluded. This testimony which was not contradicted was more than adequate support for the trial court's determination that the delay of defendant's arrest for at least the period from September 1966 to May 1968, when the indictments were released, was "reasonable" and in the "interest of justice."
The court further found that the delay in defendant's arrest from May 1968 until October 3, 1969 was caused by defendant's affirmative conduct and not by the inaction of the State. This finding is fully supported by the record. Upon the release of the indictments the police attempted to arrest defendant at his last known address. This turned out to be a vacant house. The police were told defendant had fled to New York and would not return. Notice was sent to the F.B.I. Defendant was absent from the Camden area during most of this period. Thereafter he was arrested on October 3, 1969, when a policeman recognized him on a Camden street.
Next, we consider defendant's assertion that he was prejudiced by the delay. He testified that he could not recall his activities on the dates charged in the indictments. He denied knowing Irizarry. On cross-examination he conceded that he had smoked marijuana but could not remember who gave it to him. He admitted that he might have possessed it on the critical dates but not in quantity; and that he had directed people where they might buy the drug, although he now does not remember where. He denied that he ever sold it himself. The trial judge determined as a fact that defendant did not have "such a lack of recall as he has sought to demonstrate, and that the testimony he has presented shows in fact a selective recall depending on whether he deems the answer to be favorable to his own position." The court found his "credibility grossly impeached" and that he could readily consult with counsel *517 and apprise him of the incidents in question. The evaluation of defendant's credibility was for the court, as the trier of the facts, and we find that its determination on the issue of defendant's alleged lack of recall was also fully supported by the credible evidence in the record.
Thus, we conclude that defendant did not carry the burden of establishing the two necessary factors set forth in Powell v. United States, supra, 122 U.S. App. D.C. 229, 352 F.2d 705, 708.
Judgment affirmed.