118 N.J. Super. 22 (1971)
285 A.2d 564
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH DONALD ROUNDTREE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1971.
Decided December 22, 1971.
*24 Before Judges KILKENNY, LABRECQUE and LANE.
Miss Cynthia M. Jacob, Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Miss Jacob, of counsel and on the brief).
Mr. Richard Galex, Assistant Prosecutor, argued the cause for respondent (Mr. John S. Kuhlthau, Middlesex County Prosecutor; Mr. Galex, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Defendant appeals from a judgment of conviction following a jury trial of possession and sale of heroin on June 25, 1968. He also appeals from a judgment *25 of conviction based upon his plea of guilty to a charge of possession of heroin on August 28, 1968. He was given concurrent sentences to the New Jersey Reformatory (now Youth Correctional Institution Complex). The sentences were suspended, and he was placed on probation for four years on condition that he seek treatment.
Before trial defendant moved to dismiss the indictment on the ground that he was denied due process of law because of the time lapse between the dates of the alleged offenses and his subsequent arrest on October 31, 1968. The evidence developed on the motion is fully set forth in the opinion of the trial court. State v. Rountree, 106 N.J. Super. 135 (Cty. Ct. 1969).
Defendant argues that: (1) denial of his pretrial motion was error; (2) he was denied a fair trial because the trial court refused to allow cross-examination of the State's witnesses concerning an informer and the informer's involvement in the June 25, 1968 transaction; (3) the trial court should have required the State to disclose the identity of the informer; (4) the trial court erred in denying a motion for a mistrial based upon the failure of the State to give notice of the existence of an informer; (5) the trial court erred in refusing to charge the jury on entrapment as requested by defendant.
At the trial State Trooper Victor Irizarry testified that on June 25, 1968 he was an undercover investigator participating in a narcotics investigation in the New Brunswick area. He had assumed the dress and style of life of narcotics addicts and insinuated himself into their society with the help of an informer. On the day in question he and the informer met the defendant and one Van Anglen, who was also indicted as a result of the undercover investigation, at the Golden Nugget Tavern. Irizarry initially testified that he told defendant and Van Anglen that he wanted to purchase narcotics and inquired where he could get them. Van Anglen replied that he knew where "a nice thing" could be obtained. Irizzary, the informer, Van Anglen and defendant *26 drove to 48 John Street, New Brunswick. Defendant left the automobile to go in and purchase the narcotics. Irizarry gave him a $10 bill and testified that he asked defendant to bring the seller out. When defendant returned with the narcotics, Irizarry and the other three went back to the Golden Nugget Tavern where defendant and Van Anglen were dropped off, at which time defendant received $2 for taking Irizarry and the informer to make the purchase.
At the beginning of cross-examination Irizarry was asked, "At what stage in this offense that you are here talking about that you here allege did you come in contact with this informer?" The prosecutor objected to "any cross-examination concerning any informant." The ruling of the trial court precluded any cross-examination concerning the informer. The trial court would not permit any questions "which may generally or inferentially raise a possible identity of this informer * * * anything about him which may in any way get into an identity situation which, in effect, I think, precludes you from saying practically anything about him other than the fact that he was in the car and where he may have been seated in the car and so forth * * * any question that would elicit precisely what the informer said as opposed to what Detective Irizarry said in the conversation with defendant and Van Anglen * * * any questioning of this witness as to any conversation which might have happened as far as the informer is concerned," and any "question whatsoever about the informant and that goes not only to identity but also to any part that this informant may have had in the entire transaction that is here in question."
Trooper Irizarry had submittted to his superiors a handwritten report of the transaction (Crip refers to Van Anglen; D.J. refers to the informer):
Met Roundtree & "Crip" in the Golden Nugget Tavern on Albany. D.J. had conversion with them. "Crip" said he was high on *27 some "nice stuff." D.J. said we were looking to "cop." "Crip" said he could take us to the man to "cop." We entered the undercover veh. which was parked in front of the tavern. "Crip" directed us to 48 Johns St. We parked in front. We spoke & Roundtree asked how much was desired. I said 2 bags. He said give me the money & I'll go in and get it. D.J. said tell the dude to come out, Roundtree said give me the money because the guy don't know you. I gave Roundtree a $10 bill. He left & returned in a short while. "Crip" left the veh. & returned with a bottle of soda (orange). He got in & Roundtree got in & handed me 2 small glassine envelopes, containing a white powder. We drove back to the Golden Nugget tavern. D.J. gave Roundtree $2 for his trouble. "Crip" said he had shot up 2 bags & was on the "nod," the stuff was real dynamite. "Crip" left the veh. We left the area.
This handwritten report was used by Trooper Irizarry on direct examination. Defense counsel objected to its use. She had demanded and been supplied with a copy of the official typewritten formal police report but had not been supplied with Irizarry's handwritten report. The formal report made no mention of an informer.
Defendant's attorney made several motions grounded on her inability to cross-examine Trooper Irizarry meaningfully because of the trial court's ruling. She further moved for a mistrial on the basis of surprise because the State had not indicated in answering interrogatories that there was an informer.
A motion for dismissal at the close of the State's case was denied. Defendant testified out of the presence of the jury concerning his continued lack of memory. The trial court found that defendant had no additional recollection of the facts since his testimony on the pretrial motion.
On defendant's case the offer of Irizarry's handwritten notes was made to which an objection was sustained. Defendant did not testify in his own behalf.
The court was requested by defendant to charge on entrapment which request was denied. Following the jury verdict of guilty a motion for a new trial was made on various grounds which was denied.

*28 I
Defendant argues that where there is such a delay between the occurrence of the offense charged and the arrest as to result in defendant's inability to recall what he had been doing during the time the alleged offense occurred, the only issue is whether the delay was unreasonable and the justification for the delay is irrelevant. Defendant argues that the four-month delay in question was unreasonable since it deprived him of a bona fide defense and as such deprived him of due process of law under the circumstances relying primarily on Ross v United States, 121 U.S. App. D.C. 233, 349 F.2d 210 (1965), and Woody v. United States, 125 U.S. App. D.C. 192, 370 F.2d 214 (1966).
Neither of these cases supports defendant's position that the four-month delay was unreasonable. Further, they do not support defendant's argument that justification for delay is irrelevant.
We agree generally with the approach of the trial court. State v. Rountree, supra, 106 N.J. Super. at 150-151. However, in our opinion the problem presented is a denial of a defendant's right to due process under the Fourteenth Amendment. State v. Brennan, 115 N.J. Super. 400, 404 (App. Div. 1971), should not be read to hold that in the face of a defendant's contention of deprivation of due process under the Fourteenth Amendment the controlling factor is the statute of limitations.
The trial court in its discussion places the burden on the State to establish beyond a reasonable doubt the validity of a claim of necessity for a pre-arrest delay once a defendant has made a showing of prejudice. 106 N.J. Super. at 150 (6). This is erroneous.
After the decision of the trial court on the motion we decided State v. Rodriguez, 112 N.J. Super. 513 (App. Div. 1970). We held there that the defendant had the burden of establishing both "that (1) there was no legitimate reason for the delay and (2) he was prejudiced thereby." *29 112 N.J. Super. at 515. The ultimate burden of persuasion on both issues rests upon the defendant. The State, however, is obligated to go forward with the evidence showing that there was a legitimate reason for the delay once the defendant has shown prejudice.
There is substantial credible evidence to support the trial court's finding that defendant failed to show prejudice "of sufficient magnitude or so offensive to his constitutional rights as to require dismissal of the charges." 106 N.J. Super. at 155-156. A mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice as a basis for a reversal or dismissal of the charge. Particular circumstances resulting from the delay other than a general inability to recollect or reconstruct events on the day of the alleged offense must be shown. United States v. Golden, 436 F.2d 941, 943 (8 Cir.1971); United States v. Baker, 424 F.2d 968, 970 (4 Cir.1970); United States v. Napue, 401 F.2d 107, 114 (7 Cir.1968), cert. den. 393 U.S. 1024, 89 S.Ct. 634, 21 L.Ed.2d 568 (1969); Dancy v. United States, 129 U.S. App. D.C. 413, 395 F.2d 636, 638 (1968); Woody v. United States, supra, 370 F.2d at 218 and at 219; United States v. Hammond, 360 F.2d 688, 689 (2 Cir.), cert. den. 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142 (1966); Powell v. United States, 122 U.S. App. D.C. 229, 352 F.2d 705, 708 (1965).
We affirm the denial of defendant's pretrial motion.

II
We will deal at the same time with defendant's argument that he was denied a fair trial because the trial court refused to allow cross-examination concerning an informer and his argument that the State should have been required to disclose the identity of the informer.
The State has a statutory privilege to withhold from disclosure the identity of persons furnishing information to *30 law enforcement officers concerning the commission of crime. State v. Infante, 116 N.J. Super. 252, 256 (App. Div. 1971); N.J.S.A. 2A:84A-28. See also Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). See generally, Annotation, "Accused's right to, and prosecution's privilege against, disclosure of identity of informer," 76 A.L.R.2d 262 (1961); 8 Wigmore, Evidence (McNaughton rev. 1961), § 2374 at 761.
The purpose of the privilege is to encourage and secure a flow of vital information which can be had only upon a confidential basis. Recognizing the obligation of citizens to communicate their knowledge of criminal offenses to law enforcement officers the privilege encourages the citizens to perform this obligation by preserving their anonymity. Roviaro v. United States, supra, 353 U.S. at 59, 77 S.Ct. 623; State v. Oliver, 50 N.J. 39, 42 (1967).
Limited by its underlying purpose, the scope of the privilege does not apply to the contents of a communication if the disclosure will not tend to reveal the identity of the informer. Roviaro v. United States, supra, 353 U.S. at 60, 77 S.Ct. 623. See also Mitchell v. Bass, 252 F.2d 513, 516 (8 Cir.1958); Foltz v. Moore McCormack Lines, 189 F.2d 537, 540 (2 Cir.), cert. den. 342 U.S. 871, 72 S.Ct. 106, 96 L.Ed. 655 (1951); 8 Wigmore, Evidence, supra, at 765. But see In re Quarles, 158 U.S. 532, 535-536, 15 S.Ct. 959, 961, 39 L.Ed. 1080 (1895); Vogel v. Gruaz, 110 U.S. 311, 315, 4 S.Ct. 12, 14, 28 L.Ed. 158 (1884).
Clearly the trial court erred in extending the scope of the privilege to cover anything that the informer might have said or done during the time that criminal activity was alleged to have taken place. The participation of the informer was certainly relevant not only on the issue of Trooper Irizarry's credibility but also on the issue of possible entrapment. Although Trooper Irizarry's notes written at the time stated that the informer initiated the transaction, he indicated in his direct testimony that the transaction was initiated by him. In view of the fact that defendant *31 could not remember what he had been doing on the day of the alleged offense, the fact that the informer was present at the time of the offense, and the fact that Trooper Irizarry's handwritten notes gave clear indication that the informer was an actor in the transaction, the limitation on cross-examination was prejudicial error for which the judgment must be reversed.
Since there will be a retrial, we must deal with defendant's argument that the State should be required to disclose the identity of the informer.
The privilege to withhold the identity of an informer is not absolute. Disclosure is normally compelled where the informer was an actual participant of the crime for which the defendant is being charged. State v. Infante, supra, 116 N.J. Super. at 257. Cf. State v. Oliver, supra, 50 N.J. at 42 and at 45. See Roviaro v. United States, supra, 353 U.S. 53, 77 S.Ct. 623 (sale by informer, observed by agent); United States v. Barnett, 418 F.2d 309 (6 Cir.1969) (agent and informer together transacted sale of whiskey from defendant); United States v. Lloyd, 400 F.2d 414 (6 Cir.1968) (defendant sold drugs to informer, agents observed, there had been a three-month delay between offense and arrest, and defendant alleged lack of memory); Lopez-Hernandez v. United States, 394 F.2d 820 (9 Cir.1968) (informer and agent met with defendant at border and transacted sale of heroin); Portomene v. United States, 221 F.2d 582 (5 Cir.1955) (defendant sold narcotics to informer, who was only other participant); United States v. Conforti, 200 F.2d 365 (7 Cir.1952), cert. den. 345 U.S. 925, 73 S.Ct. 782, 97 L.Ed. 1356 (1953) (defendant sold and delivered counterfeit money to informer, who was only other participant); Sorrentino v. United States, 163 F.2d 627 (9 Cir.1947) (defendant sold opium to informer, who was only other participant); State v. Godwin, 106 Ariz. 252, 475 P.2d 236 (Sup. Ct. 1970) (informer was seated with an officer when defendant handed him a lighted marijuana cigarette, and the sole direct witness was the officer); Eleazer v. Superior *32 Court, 1 Cal.3d 847, 83 Cal. Rptr. 586, 464 P.2d 42 (Sup. Ct. 1970) (informer, observed by police, purchased drugs from defendant); State v. Davis, 450 S.W.2d 168 (Mo. Sup. Ct. 1970) (informer supplied defendant with drugs, introduced him to police-purchaser, and witnessed the transaction).
State v. Oliver, supra, 50 N.J. 39; State v. Infante, supra, 116 N.J. Super. 252; and State v. Booker, 86 N.J. Super. 175 (App. Div. 1965), are inapposite. Here it is clear from Trooper Irizarry's handwritten notes that the informer did far more than merely set up or witness the meeting between Trooper Irizarry and defendant. The informer was an active participant bringing about the violation. According to the notes the informer told defendant and Van Anglen that they, the informer and Irizarry, were "looking to cop." At the time defendant allegedly left the automobile to obtain the narcotics the informer had some conversation with him in an attempt to have the seller reveal himself. After defendant completed the sale, it was the informer who paid him $2. The informer was an active participant in the transaction and a material witness on the issue of defendant's guilt. As such his identity should have been disclosed. The failure to require disclosure under the circumstances of this case was prejudicial error, a denial of fundamental fairness.
Defendant further argues that the disclosure of the identity of the informer was necessary to assist him in developing the facts of his defense of entrapment. Since we have held that the informer's identity must be disclosed, we need not discuss this argument.

III
Defendant argues that the trial court erred in denying his motion for a mistrial "based, first, upon surprise resulting from the State's failure to provide the defense with notice of the existence of an informer, pursuant to an order *33 of discovery, and, second, upon the prosecution's solemn obligation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to provide the defense with evidence or witnesses that could aid the defense cause."
Pursuant to a consent order for discovery, defendant sought from the State the names and addresses of persons known to have relevant knowledge or information concerning the crime. The defendant argues that the failure to list the informer as "John Doe  Address and name privileged" should have required a mistrial on the grounds of surprise and on grounds of due process.
The discovery rules applicable at the time of the consent order allowed discovery of the names and addresses of any persons who may have relevant knowledge or information. The State could have obtained a protective order to maintain secrecy of any informer. R.R. 3:5-11 (c) (i); R.R. 3:5-11 (g)(i) (now R. 3:13-3(c)(1); R. 3:13-3(g)(1)).
The State concedes that it should have disclosed the existence of the informer. In view of the fact that the judgment of conviction is being reversed and the matter remanded for a new trial, we need not decide whether the failure to disclose was harmful error that by itself would result in a reversal.

IV
Finally, defendant argues that the trial court committed reversible error in refusing to charge the jury as to entrapment in accordance with the requests submitted.
Suffice it to say that under the evidence as it was at the time the case was given to the jury, the trial court correctly refused so to charge. At the retrial a request for such a charge will be governed by the evidence as it is at the time under the law as set forth in State v. Dennis, 43 N.J. 418 (1964), and State v. Dolce, 41 N.J. 422 (1964).
The order denying defendant's pretrial motion to dismiss the complaint is affirmed. The judgment of conviction of the August 28, 1968 offense (fourth count of Indictment No. *34 183-68) is affirmed. The judgment of conviction of the June 25, 1968 offenses (first and second counts of Indictment No. 183-68) is reversed, and the matter is remanded for further proceedings consistent with this opinion.