144 N.J. Super. 236 (1976)
365 A.2d 207
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ALFRED CICHETTO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 20, 1976.
Decided October 4, 1976.
*237 Before Judges BISCHOFF, MORGAN and COLLESTER.
Mr. Thomas J. Shusted, Camden County Prosecutor, attorney for appellant (Mr. Saul J. Steinberg, Assistant Prosecutor, on the brief).
Mr. Charles H. Nugent, attorney for respondent.
PER CURIAM.
This is an appeal by the State from an order dismissing a six-count indictment charging defendant with bribery, extortion, attempted extortion and misconduct in office.
The indictment charged that the crimes allegedly occurred in the Fall of 1969 when defendant was employed as a building inspector of Pennsauken Township. The Pennsauken police received a report of defendant's alleged criminal conduct on December 22, 1969. Defendant was suspended from his position in March 1970 and resigned on April 6, 1970. No criminal complaints were made against defendant and no report of his alleged criminal conduct was made by the police to the county prosecutor. In 1973 an investigation of defendant's previous activities was conducted *238 by a newly appointed director of public safety and a report of the results thereof were submitted to the county prosecutor on April 8, 1974. The prosecutor promptly presented the matter to the grand jury which returned the indictment on July 18, 1974.
Defendant moved to dismiss the indictment on the ground that there was an unnecessary delay in presenting the charges to the grand jury. The trial judge granted the motion, holding that defendant had been denied his Sixth Amendment right to a speedy trial. The court based its decision primarily on Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The State appeals, contending that the judge erred by erroneously applying the Sixth Amendment speedy trial criteria to a case involving a pre-arrest delay and, further, that defendant failed to sustain his burden to show that he was prejudiced by the delay.
We agree with the State's contentions. We conclude that Barker v. Wingo, supra, is inapposite since it relates to a delay between the accused's arrest and trial. The United States Supreme Court has clearly ruled that the Sixth Amendment's protections do not arise until an individual has been arrested or held to answer a criminal charge. Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205, 207 (1975). And see, United States v. Marion, 404 U.S. 307, 320-321, 92 S.Ct. 455, 30 L.Ed.2d. 468, 478-479 (1971); State v. Szima, 70 N.J. 196, 199-200 (1976); State v. Le Vien, 44 N.J. 323, 328 (1965).
The paramount issue in this case is whether there was a denial of defendant's right to due process under the Fourteenth Amendment because of an unreasonable delay between the commission of the crimes and presentment of the charges to a grand jury where there had been no prior criminal complaint or arrest.
At a hearing on a motion to dismiss an indictment on that ground, a defendant has the burden of establishing both that there was no legitimate reason for the delay and *239 that he was prejudiced thereby. State v. Rodriguez, 112 N.J. Super. 513 (App. Div. 1970). While the ultimate burden of persuasion on both issues rests upon defendant, the State is obligated to show that there was a legitimate reason for the delay once the defendant has shown prejudice to his case. State v. Roundtree, 118 N.J. Super. 22, 29 (App. Div. 1971).
At the conclusion of the hearing below the trial judge found that the delay did not cause any specific prejudice to defendant. We have carefully reviewed the record and conclude that defendant failed to sustain his burden of persuasion with regard to prejudice suffered by him as a result of the delay.
Accordingly, the order dismissing the indictment is reversed and the case is remanded for trial.