86 N.J. Super. 175 (1965)
206 A.2d 365
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE BOOKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1964.
Decided January 7, 1965.
*176 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Bernard L. Albert, assigned counsel, argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
*177 The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted upon three indictments which charged him with possession and sale of narcotics on three separate dates. He appeals.
Mr. Albert was assigned to represent defendant in this appeal. He has done so with great skill and energy. Nevertheless, after he filed an excellent brief the ungrateful defendant wrote us attacking him and the brief, and requesting permission to file a supplemental brief. We granted him that permission and he has filed one which has added nothing to the meritorious points argued by Mr. Albert. In spite of the fact that the remainder of defendant's brief is without merit, Mr. Albert made a valiant effort at the oral argument to project even those points. This was no easy task. For example, one of defendant's own points is that his rights were somehow violated when the police did not arrest him after the first sale and permitted him to make two more sales! His argument is as follows:
"The defendant contends that this violated his rights as guaranteed by the United States Constitution; particularly the equal protection clause in that the State does not allow the Burglar, Murderer, Rapist, Thief, and Forger, etc., to remain at large so that they can commit more crimes and thus be able to subject the offender to multiple prosecution and punishment."
We mention this at the outset because, as we said in State v. Andrews, 79 N.J. Super. 17, 22 (App. Div. 1963), we must do what we can to protect assigned counsel. See also State v. Scanlon, 84 N.J. Super. 427, 440 (App. Div. 1964).
The first point in counsel's brief is that the possession charged in each of the indictments was "incident to and inseparable from the sale itself" charged in that indictment, and therefore "there is but one criminal act, the sale. If, artificially, the law separates this single act into two parts, and punishes each separately and severely * * * as here, appellant has twice been placed in jeopardy for a single wrong," citing State v. Labato, 7 N.J. 137 (1951); State v. Loray, 41 N.J. 131 (1963); State v. Currie, 41 N.J. 531 (1964). *178 Counsel argues that "To `possess' means to have actual control, care and management of, and not a passing control, fleeting and shadowy in its nature," and that here defendant's contact with the heroin was no more than that and merged in and was part of the sales.
If defendant's control had been "fleeting and shadowy in its nature" there might be merit in this argument. However, we are not called upon to express an opinion on this point in this case because the evidence shows that defendant's contact with and control over the narcotics was not a mere fleeting and shadowy incident of the sale. In each of the three episodes, he had the narcotics on his person when he offered them for sale. In short, the possession antedated and was separate and distinct from the sale, and was a separate crime. State v. Reed, 34 N.J. 554 (1961); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Cf. State v. Leibowitz, 22 N.J. 102 (1956); State v. Tumbiolo, 28 N.J. Super. 231 (App. Div. 1953); Wood v. United States, 317 F.2d 736, 739 (10 Cir. 1963).
Counsel's second point is that "It was error for the court below to have denied disclosure of the informer." To begin with, there was no demand that the identity of the informer be disclosed. However, counsel argues that the questions asked of the witness Chiaventone by defendant's trial counsel made it obvious that that is what defendant sought, and the judge should have ordered the disclosure on his own motion.
We disagree. We hold that there was no obligation upon the trial judge to order the disclosure of the informant on his own motion, under the circumstances here involved, and that even had there been an express demand for the disclosure, there was no sufficient showing that justice required it. State v. Burnett, 79 N.J. Super. 242 (App. Div. 1963), affirmed 42 N.J. 377 (1964); State v. Dolce, 41 N.J. 422 (1964); cf. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
Trooper Chiaventone testified that on June 18 he drove to a certain area in Paterson with the informer in the car. Defendant *179 accosted them and said to the informer, "How come you passed me up yesterday and bought from Edwards? I have some stuff." The informer answered that he had not seen defendant; defendant then asked "How many?" Chiaventone answered `One." Defendant took out a glassine envelope from a number wrapped with a rubber band, and handed it to Chiaventone, who paid him $5. On June 22 the transaction was substantially the same except that Chiaventone asked for, and defendant sold him, two glassine envelopes of heroin for $10. On June 24 Chiaventone was alone when he met defendant and bought one for $5.
Defendant's defense was that it was not he who made the sales but another, and that the charge against him was the result of mistaken identification. Counsel argues that if defendant had known the identity of the informer, trial counsel might have called him to the stand, where he might have exculpated defendant. In that connection, it is noteworthy that defendant's own brief admits that through others, arrested when he was, he "learned the name Earl Van der Bleeck or a similar sounding name as that of being the informer * * *," yet no effort appears to have been made to subpoena Van der Bleeck or to locate him. Defendant did not demand the informer's identity before trial, even though defendant asked for the minutes of the grand jury prior to trial. In short, we hold that even had this argument been made below (which it was not) the showing was too tenuous to require disclosure, even if express demand had been made. Cf. State v. Dolce, supra.
Defendant argues that the informer's privilege provided for by N.J.S. 2A:84A-28 does not apply to informers who were present when the alleged crime was committed. We hold that the mere fact that the informer was present does not take him out of the protection of the statute. Such presence is only one fact to be taken into consideration with all of the facts in determining whether "disclosure of his identity is essential to assure a fair determination of the issues." As our Supreme Court said in State v. Burnett, supra:
*180 "In the words of Roviaro (353 U.S., at p. 62, 77 S.Ct., at p. 628, 1 L.Ed.2d, at p. 646):
`We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" (at p. 385)
See also State v. Dolce, supra.
Defendant contends that it was error to deny his application, made before trial, for the testimony presented to the grand jury. The short answer to this is that no stenographic record of the testimony was made. Therefore, we express no opinion on whether the application should have been granted if there had been such a record.
Defendant contends that the trial judge committed plain error in permitting evidence of the fourth sale by defendant to Chiaventone on June 26. Defendant's trial counsel did not object to the testimony, but he did object to the introduction of the glassine envelope delivered by defendant to Chiaventone on that date when it developed that it contained sugar and not heroin. That objection was sustained.
We doubt whether the reception of the evidence of the June 26 sale was error at all. As we have said, defendant's defense was that Chiaventone mistook him for someone else. He testified that he had "never seen" Chiaventone "until he arrested me and that was July 25," and that when he was arrested by Chiaventone and Officer Ignoffo, Chiaventone asked Ignoffo who defendant was and Ignoffo answered "This is George Booker." Since identity was the issue, it seems to us that it would have been within the discretion of the trial judge to admit the evidence now challenged, which indicated that Chiaventone knew defendant very well, even over objection. It cannot be said that the possible prejudice of the evidence of the fourth sale so clearly outweighed its materiality on the issue of identity that its admission would have led to a reversal. *181 We must remember that Chiaventone had already testified to three other sales  incidentally, all of heroin, whereas this one was of sugar. In any event, it was not plain error to admit this evidence without objection.
The other points raised by or on behalf of the defendant are plainly without merit and do not warrant discussion.
The judgment is affirmed.