**UNITED STATES of America, Plaintiff,**

v.

**Autumn WARD, Wardell Ward, Defendants.**

**Nos. CR–1–89–93–03, CR–1–89–93–02.**

United States District Court, S.D. Ohio, W.D.

Oct. 24, 1989.

Pat Hanley, Asst. U.S. Atty., Cincinnati, Ohio, for U.S.

Joseph Harvey Johnson, Cincinnati, Ohio, for Wardell Ward.

Hal. R. Arenstein, Cincinnati, Ohio, for Autumn Ward.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant Autumn Ward's Motion to Compel Disclosure of the Informer Who Participated in the Crimes Charged Herein (doc. no. 5). The Government has filed no response, however, a hearing was held on Tuesday, October 17, 1989 to allow both sides the opportunity to argue and submit additional evidence on this issue.

In this Circuit, it is firmly established that defense counsel is not entitled to know in advance of trial who will testify for the Government. *United States v. McCullah,* 745 F.2d 350 (6th Cir.1984); *United States v. Dark,* 597 F.2d 1097 (6th Cir.), *cert. denied,* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 183 (1979); *United States v. Conder,* 423 F.2d 904 (6th Cir.), *cert. denied,* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970). The defense is entitled to a list of the witnesses to be produced at trial only pursuant to 18 U.S.C. § 3432 and Fed.R. Crim.P. 12.1 and 16.

The defense does not request a list of witnesses pursuant to these sections, however, but pursuant to *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which is the seminal case on the issue of disclosure of an informant's identity. In that case, the United States Supreme Court stated that what is usually referred to as the informer's privilege is, in reality, the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege, said the *Roviaro* court, is the furtherance and protection of the public interest in effective law enforcement. The privilege is not an absolute one; its limit is found by balancing "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62, 77 S.Ct. at 628. Whether, in balance, the public policy favoring non-disclosure will be outweighed by a party's interest in obtaining disclosure, will depend upon the particular circumstances of each case. *Id.* In balancing those competing interests in the context of a criminal case, courts must consider "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

During the hearing held in this case, defense counsel argued that the informer was a participant in the crime with which defendant is charged and that the informer's identity is essential to allow for effective cross-examination into the informer's motivation and background. The Government represented to the Court that it intends to call the informer as a witness in the trial of this case. It was also represented to the Court that the informant has already been threatened.

Although there is no fixed rule, disclosure has usually been required when, as in *Roviaro,* the informant was an active participant in the events underlying the defendant's potential criminal liability. *See United States v. Eddings,* 478 F.2d 67 (6th Cir.1973); *United States v. Barnett,* 418 F.2d 309 (6th Cir.1969). In none of the

cases cited above, however, has the informer been a witness in the trial.

Based upon the facts present in this case, the Court finds the reasoning of the United States Court of Appeals for the Tenth Circuit in *United States v. Pennick*, 500 F.2d 184 (10th Cir.1974), to be persuasive. The Court found the facts of that case to be distinguishable from *Roviaro* in that the informer was a Government witness and did appear and testify at trial submitting himself to examination and cross-examination, a fact which is significant. As that court also notes, informers whose identity is revealed prior to trial are often among the missing when the trial date rolls around. *Id.* at 186.

In this case, as represented to the Court, the informer will take the stand. After direct examination, the defendant will be entitled to any material the Government is required to disclose pursuant to the Jencks Act, 18 U.S.C. § 3500. If necessary, this Court can recess the trial to allow defense to become familiar with those materials. Defendant's ability to cross-examination can be effectively guaranteed.

The defendant is charged in Count I with conspiracy to distribute and possess with intent to distribute cocaine and in Count II with distribution of 27.33 grams of cocaine. Sadly, reasonable persons are familiar with the violence associated with such crimes directed toward informants, participants, innocent bystanders and law enforcement personnel. Further, the defense has asserted no defense, the preparation for which pre-trial access to the informer is essential.

Balancing these facts against the public interest in protecting the free flow of information and based upon the particular circumstances and record made in this case, the Court finds no exception should be made to the privilege of non-disclosure of the identity of the informer. Accordingly, the Motion is hereby DENIED.

IT IS SO ORDERED.