UNITED STATES of America

v.

Raul PALACIOS.

No. 91 CR 175.

United States District Court,
N.D. Illinois, E.D.

May 15, 1991.

Fred Foreman U.S. Atty., by William V. Gallo, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Daniel H. Wolff, Turner & Wolff, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Raul Palacios asks this court for an order requiring the government to identify and produce, at a mutually convenient time and place, a government informant for the purpose of subpoena and pretrial interview. For the reasons stated below, defendant's motion is granted.

In determining whether the identity of a confidential informant should be disclosed, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). For that reason, "the defendant must show a genuine need for the informant's identity before the court requires disclosure." *United States v. Padilla*, 744 F.Supp. 1425, 1426 (N.D.Ill.1990).

In this case, Palacios has shown a genuine need for the identity of the government informant. It certainly seems that the informant "directly participated in each and every step of the narcotics transaction in question." (Defendant's Motion for Production of Government Informant at 1.) The confidential informant allegedly had numerous meetings and telephone conversations with Palacios in order to arrange the narcotics transaction. It is claimed that the confidential informant went to the site of the narcotics transaction wearing a tape recorder and transmitter. And, Palacios supposedly delivered narcotics to the informant. This alleged delivery is the basis for the charges brought against Palacios. Considering the government informant's direct involvement in the transaction in question, there is no doubt that the confidential informant could provide valuable testimony. Nondisclosure of the informant's identity would greatly undermine Palacios' ability to prepare an adequate defense.

On the other side of the balance, the government has given the court little reason for keeping the informant's identity confidential. The government has not contended that the informant's safety would be threatened if his identity is revealed. In fact, the government does not object to production of the informant for purposes of service of subpoena and pre-trial interview. The government's willingness to produce the informant leaves the court baffled by the government's reluctance to identify the informant.

Palacios has stated that he is unaware of the identity of the government informant. Because Palacios' need for disclosure outweighs the public need for confidentiality, the court orders that the informant's identity be disclosed and that the informant be produced for purposes of subpoena and pre-trial interview.

IT IS SO ORDERED.