618 A.2d 335

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT AND CROSS–
RESPONDENT, v. LUIS D. ZENQUIS, DEFENDANT–
RESPONDENT AND CROSS–APPELLANT.

Argued October 13, 1992—Decided January 21, 1993.

*Mark E. Bailey,* Deputy Attorney General, argued the cause for appellant and cross-respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

*Steven J. Fram,* Designated Counsel, argued the cause for respondent and cross-appellant (*Zulima V. Farber,* Public Defender, attorney).

*Gerald Krovatin* argued the cause for *amicus curiae,* Association of Criminal Defense Lawyers of New Jersey (*Lowenstein, Sandler, Kohl, Fisher & Boylan,* attorneys).

The opinion of the Court was delivered by

CLIFFORD, J.

In the companion case, *State v. Garcia,* 131 *N.J.* 67, 618 *A.*2d 326 (1992), decided this day, we hold that *Evidence Rule* 34 provides a "surveillance location privilege" that permits the State, in appropriate circumstances, to conceal information about the location from which law-enforcement personnel have observed alleged criminal activities. In this case the trial court issued a protective order limiting cross-examination about the surveillance location. The Appellate Division reversed defendant's conviction for distribution of heroin, *State v. Zenquis,* 251 *N.J.Super.* 358, 598 *A.*2d 245 (1991). We now affirm.

I

On June 1, 1988, Trenton Police Officer Michael Mihalik conducted a surveillance near the corner of Stockton and Academy Streets, an area noted for the sale of illegal substances. Officer Mihalik observed a female, later identified as Joanne Carroll, approach a male whom the officer recognized as Rafael Fernandez. Fernandez appeared to direct Carroll toward defendant, Luis D. Zenquis, who then crossed the street with Carroll and entered a vacant lot where, according to Mihalik, Carroll handed money to defendant in exchange for a small glassine envelope.

By radio Mihalik instructed other officers to arrest Carroll. When the police apprehended Carroll several blocks away, they found a small quantity of heroin in her possession. Informed of the arrest, Mihalik then directed officers to arrest Fernandez and defendant. The police found $250 in Fernandez's pocket but discovered no drugs or money in defendant's possession.

Before trial, the State moved for a protective order barring defendant from cross-examining Officer Mihalik about certain aspects of the surveillance location. At an *Evidence Rule* 8 hearing in open court, Mihalik testified that he had seen the transaction from a distance of fifty to seventy-five feet and that he had not used binoculars. He refused to answer defense

counsel's questions directed to (1) whether he had seen the transaction from indoors or outdoors, (2) whether the site was elevated, and (3) whether a private person owned any building that might have been used.

The court then conducted an *in camera* hearing out of the presence of defendant and defense counsel. Mihalik thereupon revealed many details about the site, including whether a building had been involved and whether he had observed the transaction from an elevated position. He stated that the police frequently used the location for surveillances and that he had used the location forty to fifty times in the preceding thirty months. Mihalik testified that although the police were not using the site at the time of the pre-trial hearing, they intended to use it in the future. Finally, he told the court, as he had in the open-court hearing, that he feared reprisal if drug dealers were to learn the location of the surveillance site.

At the conclusion of the closed hearing the trial court made specific findings: (1) the location serves an extremely important law-enforcement interest; (2) the information that Mihalik had made his observations from a distance of fifty to seventy-five feet allowed defense counsel ample opportunity to explore "the general area of the location of the officer"; (3) "real potential for reprisals" existed; and (4) secrecy had to be maintained to protect ongoing investigations. The court ruled that the officer would have to disclose whether his vantage point had been indoors but not the other details previously sought by defense counsel.

Returning to open court, and again in the presence of defendant and his lawyer, the trial court announced the findings above and issued a protective order, allowing defendant to learn that the officer had conducted his surveillance from indoors but barring inquiry about the elevation of the site.

A jury convicted defendant of distributing heroin, *N.J.S.A.* 2C:35–5(b)(3). On appeal, defendant claimed that the exclusion of him and his counsel from the evidentiary hearing and the

issuance of the protective order violated his right of confrontation under the Sixth Amendment to the United States Constitution and Article 1, Paragraph 10 of the New Jersey Constitution. The Appellate Division held that the trial court had not violated defendant's right of confrontation when it conducted the *ex parte* evidentiary hearing but found that the protective order had impermissibly limited defendant's right of cross-examination. 251 *N.J.Super.* at 365–69, 598 *A.*2d 245. We granted both the State's petition for certification and defendant's cross-petition to review those holdings. 131 *N.J.* 115, 618 *A.*2d 351 (1992).

## II

■ Our opinion in *Garcia, supra,* 131 *N.J.* 67, 618 *A.*2d 326, sets forth our reasons for recognizing a surveillance-location privilege under *Evidence Rule* 34, the "official information privilege." We determined that the trial court should hold an *Evidence Rule* 8 hearing at which the State must make a preliminary showing that disclosure of the surveillance location would harm the public interests and should therefore remain privileged under *Evidence Rule* 34. *Id.* at 77–78, 618 *A.*2d at 332. We ruled that the trial court should exclude defense counsel from that hearing. *Ibid.* Further, in determining whether the defendant has demonstrated "substantial need," the court should balance the defendant's need for that information with the public's interest in nondisclosure. *Id.* at 80–81, 618 *A.*2d at 333. The court must consider the crime charged, the possible defenses, the potential significance of the privileged information, and other relevant factors. *Id.* at 80, 618 *A.*2d at 333. The trial court's determination should be overturned only if the record discloses a mistaken exercise of discretion in the application of the relevant factors. *Id.* at 81, 618 *A.*2d at 333.

■ Applying the foregoing principles, we do not find support in this record for the trial court's decision to issue the protective order. Defendant's need for the location information

was substantial inasmuch as the case against him turned almost exclusively on Officer Mihalik's testimony. Unlike the facts in *Garcia,* the police did not receive a tip that persons were selling heroin in the area nor did they locate a supply of drugs in the vacant lot where the alleged drug transaction had occurred. The police found no drugs on defendant or Fernandez. Without access to the surveillance site, defendant's sole defense necessarily was simply a denial of the charges. The case depended on the jury's appraisal of the credibility of Officer Mihalik and defendant; but the protective order impeded the jury's opportunity fairly to assess the officer's credibility.

Because defendant had demonstrated substantial need for the information, allowing him to ask questions about some of the important facts concerning the site did not adequately protect his right of cross-examination. Further, even if the official information privilege did apply, the limits placed on cross-examination by the trial court were too stringent. Cross-examination was limited to an exploration of the distance from which the officer had seen defendant and whether the officer had used binoculars. The court barred cross-examination about the elevation of the site and the officer's line of sight. We held in *Garcia* that the defendant should normally have access to those facts in the absence of some strong State interest in their continued concealment. 131 *N.J.* at 82, 618 *A.*2d at 334. The facts in this case do not justify the withholding of that information. Although our decision in *Garcia* affords trial courts great latitude in determining whether to conceal surveillance locations, we agree with the Appellate Division that the trial court failed to give due consideration to defendant's interests and thereby violated his right of confrontation in refusing to divulge the exact location.

### III

Defendant's protective cross-appeal argues that the exclusion of him and his counsel from the *in camera* proceeding

violated his right of confrontation. In *Garcia, supra,* we directed that the court not only may but should exclude defense counsel from the hearing at which the State attempts to prove that the official information privilege should apply. 131 *N.J.* 78, 618 *A.*2d at 332. We held that a defendant's right of confrontation is protected by affording a defendant the opportunity, in an *Evidence Rule* 8 hearing, to present evidence that shows "substantial need" and by allowing the defendant to learn other information that does not reveal the exact location. *Id.* at 81, 618 *A.*2d at 334. Therefore, the court's exclusion of defendant and his counsel did not deprive him of the right of confrontation. Moreover, the court permitted defendant to argue fully why disclosure was warranted and allowed cross-examination of the officer about the distance from which he had observed the alleged crime. Although the trial court did not adhere strictly to the procedure set forth in *Garcia,* which requires that the State first make a preliminary showing of public need for concealment, followed by an opportunity for the defendant to show substantial need, we are satisfied that under the circumstances defendant was not denied his right of confrontation.

## IV

Judgment affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.