813 A.2d 1215 (2003)
356 N.J. Super. 599
STATE of New Jersey, Plaintiff-Appellant,
v.
Derrick WILLIAMS, Defendant-Respondent,
Anthony Dudley, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted November 20, 2002.
Decided January 15, 2003.
*1216 Fred J. Theemling, Jr., Hudson County Prosecutor, attorney for appellant (Dawn K. Scala, Assistant Prosecutor, on the brief).
Yvonne Smith Segars, attorney for respondent Derrick Williams (Marcia Blum, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges KING, WEFING and LISA.
The opinion of the court was delivered by WEFING, J.A.D.
Defendant, Williams, who has been indicted for a variety of charges, including first degree robbery and second degree burglary, filed a motion with the trial court seeking disclosure of the identity of a confidential informant. The trial court granted defendant's motion. We granted the State's motion for leave to appeal and stayed defendant's trial pending appeal. We now reverse.
On October 9, 1999, three armed men wearing scarves over their faces entered a McDonald's restaurant in Bayonne and stole approximately $2,000, which included a quantity of quarters wrapped in clear plastic. Employees who were in the restaurant at the time said the thieves had chrome-colored handguns, although one later said she had seen a black gun.
Shortly thereafter, on or about October 11, members of the Jersey City police department spoke to a confidential informant who told them that while trying to buy cocaine over the weekend, he had spoken to three men who had bragged to him that they were "stick up guys" who had robbed drug dealers in the area. The informant told the police that he had previously seen the men in the area buying cocaine. The informant also told the police that the men displayed a chrome-colored handgun and that one opened a knapsack which contained a large amount of money. The informant estimated it to be approximately $1500 and said it included a quantity of quarters wrapped in clear plastic. The informant provided physical descriptions of the three men and said they were driving a car that was red or wine in color.
Approximately two weeks later, Manuel Colon, while in custody in Bergen County on unrelated charges, provided a statement in which he confessed to participating in the robbery of the McDonald's in *1217 Bayonne. Colon was interviewed by Bayonne detectives and told them that he was accompanied by a man he knew as "Andy" and that the two had picked up another man at 66 Pamrapo Avenue in Jersey City, which was the home of the mother of the third man. Colon said he had not met the third man until that night. Colon later picked out a picture of Anthony Dudley and identified him as the man he knew as "Andy." The Bayonne detectives continued their investigation and learned that a person matching a description provided by the confidential informant lived at 66 Pamrapo Avenue. They went to that house and defendant came to the door. He said he knew Anthony Dudley but denied any involvement in the McDonald's robbery. The police later showed Colon a photo array. Colon picked out defendant's photo and identified him as the third participant in the robbery of October 9. Defendant was then arrested and indicted.
Colon later told defendant's investigator that he was not certain of his identification. Several weeks after that, Colon reaffirmed his identification to the prosecutor.
Defendant asserted that he did not match the physical description provided by the confidential informant and that he should be given the informant's name and address to attempt to demonstrate that he was misidentified. Physical details provided by the confidential informant about two of the men he spoke with correlated in certain regards (but not all) with Williams and Colon, making clear which of the three had to be defendant, if he indeed had been involved in that conversation. According to the informant, one of the three was missing front teeth. Dudley is missing front teeth. The informant also said another of the three had a tattoo of a flower on his right upper arm with the name "Mario" on top of the flower and a woman's name underneath. While Colon has a tattoo with a flower, it does not include the name "Mario"; further, he has a woman's name tattooed on his arm but in a different location than described by the informant. Defendant has neither tattoos nor is he missing any front teeth. Defendant's theory was that the informant, upon seeing him, would confirm that defendant was not one of the three men who bragged on October 11 of being "stick up guys" and, thus, was not one of the three who robbed the McDonald's.
Defendant stressed that the confidential informant had said the third man had a short "Afro," while he always had a shaved head. The trial court reviewed defendant's arrest photo to compare it with the descriptions provided by the confidential informant and defendant. The trial court described the arrest photo as showing defendant with short hair on the sides and back of his head and none on his crown, thus matching neither description completely.
In response to defendant's motion, the trial court initially sought to have the confidential informant located and produced under appropriate safeguards in order to test defendant's theory. The police, however, were unsuccessful in locating the informant.
The trial court then analogized the situation to the reverse of N.J.R.E. 404, that is, if defendant could demonstrate he was not one of the men who talked to the confidential informant, that could serve as exculpatory evidence. The trial court then adopted the low threshold of relevancy employed under N.J.R.E. 404, State v. M.L., 253 N.J.Super. 13, 22, 600 A.2d 1211 (App.Div.1991) (interpreting Evid. R. 55, the predecessor to N.J.R.E. 404, and stating that such evidence "is almost universally admitted"), and determined that the informant's identity should be disclosed to defendant's attorney. The trial court's order *1218 permitted defendant's counsel to disclose the identity to his investigator and to defendant, but to no one else.
The purpose of the informant's privilege is to encourage citizens to communicate their knowledge of the commission of crimes to law enforcement officials. State v. Salley, 264 N.J.Super. 91, 96, 624 A.2d 42 (App.Div.1993). The Supreme Court has recognized that informants play "an indispensable role in police work" and that, in consequence, the privilege against disclosing the identity of the informant "has long been considered essential to effective enforcement of the criminal code." State v. Milligan, 71 N.J. 373, 381, 365 A.2d 914 (1976). The privilege does not belong to the informant but rather to the prosecution. State v. Foreshaw, 245 N.J.Super. 166, 179, 584 A.2d 832 (App. Div.1991). New Jersey has codified the privilege in our rules of evidence.
A witness has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a provision of the laws of this State or of the United States to a representative of the State or the United States or a governmental division thereof, charged with the duty of enforcing that provision, and evidence thereof is inadmissible, unless the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed or (b) disclosure of his identity is essential to assure a fair determination of the issues.

[N.J.R.E. 516.]
The informant's privilege is not absolute. A court must "balance the public interest in protecting the flow of information against the individual's right to prepare his defense and contest the State's charges." State v. Salley, supra, 264 N.J.Super. at 98, 624 A.2d 42 (quoting Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, 646 (1957)). Our Supreme Court has outlined instances in which the privilege is inapplicable: where the informant's identity is already known to those who might pose a risk of retaliation against the informant; where the identity of the informant is relevant and helpful to the defense or is essential to a fair determination of the case; where the informant is an essential witness to an issue that is basic to the case; where the informant actively participated in the crime for which defendant is charged; where entrapment is a plausible defense; and where disclosure is mandated by fundamental principles of fairness to the accused. State v. Milligan, supra, 71 N.J. at 383-84, 365 A.2d 914. In addition, the information supplied by the informant is not privileged when it does not serve to identify the informant. State v. Milligan, supra, 71 N.J. at 383, 365 A.2d 914. Thus, defendant has been supplied with all the information related by the confidential informant.
We consider the trial court's analogizing the present situation to the reverse presented in considering an application under N.J.R.E. 404(b) inapposite. The confidential informant did not place defendant at the McDonald's and the fact that defendant may not have been one of the men who spoke with the informant that night would not exculpate him from the Mc-Donald's robbery. Indeed, the informant provided no direct information about the McDonald's robbery, merely circumstantial references to a chrome-colored handgun and quarters wrapped in clear plastic. It was Colon who testified that defendant participated in the robbery and the State's case will rise or fall depending on the strength of Colon's testimony and his identification of defendant.
Rather, we consider this case similar to the situation presented in State v. Foreshaw, *1219 supra. In that case, defendant sought disclosure of the identity of a confidential informant who had given a detailed description of defendants and their vehicle, as well as the name of Foreshaw's codefendant to police when the informant alerted the police that defendants were transporting a large quantity of narcotics. Foreshaw, supra, 245 N.J.Super. at 179, 584 A.2d 832. The confidential informant was not involved in the events at issue nor did the informant contact defendants, accompany police or participate in any meetings. Id. at 183, 584 A.2d 832. Foreshaw contended that because the confidential informant mentioned his co-defendant's name, it could be inferred that the informant had exculpatory evidence regarding Foreshaw. Foreshaw's application for disclosure was rejected; we noted the importance of the fact that the informant did not have any knowledge of the events for which Foreshaw had been charged.
Similarly in State v. Milligan, supra, defendant sought disclosure of the confidential informant who had introduced defendant to an undercover state trooper as a source for obtaining narcotics, asserting it was a case of mistaken identity. The Court denied disclosure, stressing that the informant in that case had not participated in the criminal events. The Court noted that absent a strong showing of need, courts will generally deny disclosure where the informant plays only a limited role, such as providing information or tips to the police. Id. at 387, 365 A.2d 914.
The same holds true here. The informant's role, in our judgment, could only be considered marginal; the informant did no more than "provid[e] information or `tips' to the police or participat[e] in the preliminary stage of a criminal investigation." State v. Milligan, supra, 71 N.J. at 387, 365 A.2d 914.
We noted in State v. Salley, supra, 264 N.J.Super. at 101, 624 A.2d 42, that a defendant's mere hope that the informant "would corroborate his version and destroy the State's case" is an insufficient basis to order disclosure of the informant's identity. In our judgment, defendant's assertion in the present case is an even thinner reed and cannot support an order of disclosure.
The police, moreover, did not rely upon the informant to identify defendant as a participant in this robbery. Rather, they worked from the information supplied to them by Colon, which has been supplied to defendant. Because it is Colon, not the informant, who ties defendant to the Mc-Donald's robbery, we have concluded that the trial court erred when it ordered disclosure of the identity of the confidential informant. We reverse and remand this matter for further proceedings.