994 A.2d 1063 (2010)
413 N.J. Super. 338
STATE of New Jersey, Plaintiff-Appellant,
v.
Ricky SESSOMS, Defendant-Respondent.
DOCKET NO. A-1488-09T4.
Superior Court of New Jersey, Appellate Division.
Submitted March 8, 2010.
Decided May 17, 2010.
*1064 Theodore F.L. Housel, Atlantic County Prosecutor, for appellant (Peter J. Gallagher, Assistant Prosecutor, of counsel and on the brief).
Jacobs & Barbone, Atlantic City, for respondent (Eric H. Lubin, on the brief).
Before Judges LISA, BAXTER and ALVAREZ.
The opinion of the court was delivered by ALVAREZ, J.A.D.
Charged in a seven-count indictment with, among other things, the possession of *1065 drugs with the intent to distribute and possession of a handgun, defendant Ricky Sessoms obtained a pretrial order requiring the State to "confirm or deny" the identity of a confidential informant. The order issued as a result of defendant's submission of an affidavit by A.M.,[1] who claimed to be the informant, in support of the motion for disclosure. The State was granted leave to take an interlocutory appeal and we now reverse.
On March 24, 2009, Atlantic City Police Department Detective Howard Mason obtained a no-knock search warrant for defendant's residence. The warrant application included Mason's affidavit stating that two controlled purchases of marijuana were made by a confidential informant at defendant's home. Mason said the confidential informant identified the seller as "Pearl," the person the officer observed on one occasion walking out of the apartment with the informant after a sale. The officer recognized "Pearl" from prior contacts, and knew him to be defendant.
When the warrant was executed on March 25, 2009, law enforcement officials recovered approximately fourteen ounces of marijuana, baggies, a scale, and a handgun. Defendant was not charged with any offenses arising from the controlled buys described in Mason's affidavit but was charged with the following: fourth-degree possession of over fifty grams of marijuana, N.J.S.A. 2C:35-10a(3) (count one); third-degree possession of more than one ounce of marijuana with intent to distribute, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(11) (count two); third-degree possession of marijuana with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (count three); second-degree possession of marijuana with intent to distribute within 500 feet of a public housing facility, N.J.S.A. 2C:35-7.1 (count four); second-degree possession of a handgun without a permit, N.J.S.A. 2C:39-5b (count five); second-degree possession of a weapon while possessing marijuana with intent to distribute, N.J.S.A. 2C:39-4.1 (count six); and second-degree possession of a handgun by a convicted person, N.J.S.A. 2C:39-7 (count seven).
In granting defendant's motion for disclosure, the court correctly centered its analysis on N.J.R.E. 516, which authorizes the admission of evidence as to the identity of a confidential informant when "the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed. . . ."[2] The court reasoned that because the identity of the informant had been disclosed to defendant, the State was required to "confirm or deny" it. Here we part company with the motion judge, as we do not agree that A.M.'s affidavit constituted disclosure within the meaning of the rule.
A.M.'s affidavit is exactly reproduced below:
I [A.M] nicknamed [] is giving this statement August 26, 2009 because it is the truth and I'am aware it could damage Ricky future. On the days ACPD was targeting his house and useing me as an informant I stated to them I didn't purchase from ricky, I dealt soley with friends of his son lil pearl, young men I knew by face and I am a friend of ricky that came over often to do work with him, he never knew the relationship I had with his sons friends but everytime after calling lil pearl I went over to get *1066 some weed there was always 2 or 3 of the guys there in his office. Im doing this because he really didnt know anything about my purchases at his home. He is a good hard working family man that gave me work when I needed it to make some extra money he runs a promotion business Big Picture Production, I'am aware that this the right thing to.
The State contends that to require it to confirm or deny the informant's identity is error because A.M.'s affidavit is not the equivalent of "disclosure." Generally, we afford substantial deference to a trial court's evidentiary rulings. State v. Covell, 157 N.J. 554, 564, 725 A.2d 675 (1999) (quoting State v. Ramseur, 106 N.J. 123, 266, 524 A.2d 188 (1987)). "`[A]bsent a showing of an abuse of discretion, i.e., [that] there has been a clear error of judgment,'" an evidentiary ruling will stand. State v. Brown, 170 N.J. 138, 147, 784 A.2d 1244 (2001) (citing State v. Marrero, 148 N.J. 469, 484, 691 A.2d 293 (1997)). We do not substitute our judgment for that of the trial court, "unless `the . . . ruling was so wide of the mark that a manifest denial of justice'" would result. Ibid. (quoting Marrero, supra, 148 N.J. at 484, 691 A.2d 293) (internal quotation marks omitted).
We believe that this ruling falls within that category. When the identity of an informant "has [already] been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." Roviaro v. United States, 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644-45 (1957). See also N.J.R.E. 516. The essential question in this case, however, is whether A.M.'s affidavit actually constitutes disclosure within the meaning of the rule such that the State must either confirm or deny his identity.
The privilege belongs to the State and not to the informer. Roviaro, supra, 353 U.S. at 59, 77 S.Ct. at 627, 1 L.Ed. 2d at 644. See also State v. Williams, 356 N.J.Super. 599, 603, 813 A.2d 1215 (App.Div.2003); State v. Foreshaw, 245 N.J.Super. 166, 180, 584 A.2d 832 (App.Div.1991) (citations omitted). It is the government that decides when "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro, supra, 353 U.S. at 59, 77 S.Ct. at 627, 1 L.Ed.2d at 644 (citations omitted).
The purpose of secrecy is twofoldto protect the safety of the informant and to encourage the process of informing. See ibid.; State v. Williams, supra, 356 N.J.Super. at 603, 813 A.2d 1215. The public has a strong interest in sustaining the flow of information about crime to law enforcement, and informants are a key source of that intelligence. See Roviaro, supra, 353 U.S. at 59, 77 S.Ct. at 627, 1 L.Ed.2d at 644. The privilege is in fact intended "to protect the public interest in a continuous flow of information to law enforcement officials." Grodjesk v. Faghani, 104 N.J. 89, 97, 514 A.2d 1328 (1986) (citations omitted). It is from this need for information that the presumption protecting the informer's identity arises. Roviaro, supra, 353 U.S. at 59, 77 S.Ct. at 627, 1 L.Ed.2d at 644.
Because the privilege belongs to the State and not the informant, we cannot agree with the motion judge that a "disclosure" has occurred within the meaning of the rule. Even if A.M.'s affidavit is entirely legitimate and was offered spontaneously, the disclosure was neither made by the State nor made as a result of circumstances beyond defendant's control. It was made by the alleged informant himself, no doubt at defendant's urging. Theoretically, there is no longer a need to protect A.M.'s physical safety. But A.M.'s *1067 revelation does not advance the other public policy objective behind the privilege, which is to encourage the flow of information to law enforcement about crime.
Confirmation in this and similar scenarios would vitiate the privilege. It would place those suspected of being confidential informants in the unfortunate position of being pressured to come forward. Defendants would have a reason to tamper with potential witnesses as well as a mechanism by which they could force the State's hand to compel disclosure. It may encourage the practice of obtaining sworn statements with a careless regard for the truth.
Accordingly, we conclude that the cited exception to N.J.R.E. 516 does not apply and that the trial court's evidentiary ruling issued in error and must be reversed. A.M.'s affidavit is not the type of "disclosure" contemplated in the rule.
Reversed.
NOTES
[1] Because of the claimed status as a confidential informant, the affiant will be identified in this opinion only by the use of initials.
[2] The second prong of the rule requires disclosure when "essential to assure a fair determination of the issues." N.J.R.E. 516. That exception is not implicated in this appeal.