125 N.J. Super. 112 (1973)
309 A.2d 1
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN BOONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1972.
Decided August 9, 1973.
*113 Before Judge FRITZ, LYNCH, and JOELSON.
Mrs. Jane G. Kleinfeld, Assistant Deputy Public Defender, argued the cause for appellant (Mr. John H. Ratliff, Assistant Deputy Public Defender, of counsel and on the brief; Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Dante P. Mongiardo, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
PER CURIAM.
Defendant was convicted by a jury for possession of a dangerous substance, contrary to N.J.S.A. 24:21-20. He appeals on the grounds that (1) a question posed by the prosecutor revealed a prior plea of guilty, to his prejudice, and that in these circumstances denial of his motion for a mistrial was error of constitutional proportions; (2) failure to require the disclosure of the identity of a confidential informant was error, and (3) denial of a "Clawans charge" in connection with the refusal to provide the name of the informant was error. See State v. Clawans, 38 N.J. 162, 170 (1962).
We think the latter two issues are without merit. State v. Roundtree, 118 N.J. Super. 22 (App. Div. 1971), is distinguishable. In the instant case defendant is charged with possession, a crime in which the informer did not participate. That the informer's transaction led to the disclosure of the crime charged, or confirmed prior suspicions and gave reason for police activity, does not diminish the *114 application of the rule of State v. Infante, 116 N.J. Super. 252 (App. Div. 1971), where, as here:
In the instant case the participation of the informant did not become part of the res gestae of the crime. Nor did it play any important part in the conviction, in view of the abundance of evidence inculpatory of defendant. [at 258-259]
Needless to say, if the State is privileged to protect the identity of an informant, a "Clawans charge" would be entirely inappropriate, and the refusal here so to charge was not error.
The matter of disclosure before the jury of the fact that defendant had previously pleaded guilty is another matter altogether. Without citation, the State concedes that New Jersey "follows the rule that a withdrawn plea of guilty is not admissible in evidence." There appears to be no precise appellate authority for that concession, unless it is State v. Leaks, 124 N.J.L. 261 (E. & A. 1940), and Goodlet v. Goodman, 34 N.J. 358 (1961), cert. den. 368 U.S. 855, 82 S.Ct. 92, 7 L.Ed.2d 52 (1961). But both these cases dealt with murder indictments. That murder cases are sui generis as a matter of policy is demonstrated by the historical injunction against any plea of guilty in such cases. See R. 3:9-2. It might be argued that a plea is an admission, or at least, if retracted, a prior inconsistent statement; and as such, if intelligently made (which could be discovered on voir dire, as is done with confessions), has real relevance, i.e., a tendency in reason to prove the truth of the issue.
But we will not strain. We are persuaded by the cogent reasoning in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), that if the New Jersey rule is not yet declared to be as the state concedes, it should be. A withdrawn plea of guilty is not admissible in evidence.
The State argues the error was corrected by the court's instruction to the jury to disregard the prosecutor's question, *115 and that no prejudice remained. We cannot agree. The same argument was forwarded in State v. Leaks, supra. Applicable here is the analysis there:
It is argued by the state's attorney that the trial judge instructed the jury to disregard this evidence in its entirety and that "there is no proof whatever that this influenced them in the slightest in arriving at the verdict." As to this, who can say whether or not this illicit evidence affected the jury and to what degree? May it not have been all persuasive as long as it was part of the state's case? And after it was struck out, as a matter of record, was it obliterated from the mind of the jury so that the tablet of the mind and recollection was wiped clean? We do not think so. Jurors as a rule are not expected to be skilled in legal distinctions and we are rather inclined to the view that proof of this kind would, unconsciously or subconsciously, be a very substantial element in their consideration, and that it would not be possible for them to subtract this testimony from the total of the evidence and discard it. Yet the accused was entitled to have that done by the jury in the consideration of the case. * * * [124 N.J.L. at 264]
Nor does it matter that the information was in a question of the prosecutor rather than in an answer of a witness. The information was imparted. The bell had been rung.
Reversed and remanded.