**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0540-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JORGE BULTRON,

    Defendant-Appellant.

_____

        Submitted November 14, 2019 – Decided  February 6, 2020

        Before Judges Whipple and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-03-0588.

        Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Jorge Bultron appeals from the trial court's May 4, 2018 order denying his post-conviction relief (PCR) petition without an evidentiary hearing and his motion for a new trial. We affirm.

Defendant raises the following points on appeal:

> POINT I: DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF AND HIS CONVICTIONS MUST BE VACATED BASED UPON NEWLY DISCOVERED EVIDENCE.
>
> POINT II: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL ENTITLING HIM TO [PCR] OR AN EVIDENTIARY HEARING ON THE ISSUE OF FAILURE OF COUNSEL [TO] FILE A MOTION TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT.
>
> A. APPLICABLE LAW.
>
> B. COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE A MOTION TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT THEREBY DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO CONFRONT HIS ACCUSER.
>
> C. COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE A MOTION FOR JUDGMENT OF ACQUITTAL AT THE END OF THE STATE'S CASE.

The facts surrounding the charged offenses are summarized in the direct appeal, State v. Bultron, A-1396-14 (App. Div. December 15, 2016) (slip op. 1-5), and we need not fully repeat them here. We focus our attention on defendant's allegations in his PCR petition concerning the conduct of his trial counsel and the allegations pertaining to newly discovered evidence in support of his motion for a new trial.

On October 04, 2012, Officer Gregory Wojtowicz of the Jersey City Police Department learned from a reliable confidential informant that Darrell Priester would be purchasing drugs. Priester was stopped and arrested based upon outstanding warrants. While Priester was being taken into custody, the confidential informant told Wojtowicz that a Hispanic man named Jorge was on his way to deliver a quantity of drugs to Priester near the High School. Wojtowicz relayed the information to Officer Sheridan, who was already in the area.

Within minutes of receiving the information, Sheridan observed a Hispanic man, later identified as defendant, carrying a white plastic bag walking on Brunswick Street with an unidentified black man. Sheridan watched the individuals engage in conversation, and saw defendant show the black man what appeared to be a brick of heroin. Based on his observations, Sheridan radioed

the location of defendant and the other individual. Officers responded to the scene. When an officer approached defendant, defendant threw the brick of heroin to the ground and released the plastic bag. The officers retrieved both items, which were later confirmed to be approximately 2500 glassine bags of heroin. Defendant was arrested and Sheridan secured the other unidentified man, who was later released. Defendant's motion for a new trial concerns the identity of the unidentified man and the identity of the confidential informant.

Sheridan testified he ran a check to determine whether the unidentified man had any outstanding warrants, however the record about the results is unclear. Neither the unidentified individual nor the confidential informant were named before trial.

On or around February 4, 2014, defendant filed a pro se motion to disclose the identity of the confidential informant. On February 6, 2014, the court forwarded the motion to his assigned counsel. The motion was never litigated. Defendant's first trial resulted in a deadlocked jury.

In February 2014, defendant filed an emergent motion seeking, among other things, an order compelling the State to produce discovery. The motion judge granted the request for discovery. On May 21, 2014, defendant filed a motion to renew his suppression motion, which the judge denied. On May 27

4

and May 28, 2014, a second jury trial was held, and the jury returned a guilty verdict on all counts. Defendant appealed his convictions and we affirmed.

In May 2017, defendant filed a pro se petition for PCR. Appointed counsel thereafter filed a subsequent brief and a motion for a new trial based on newly discovered evidence. The newly discovered evidence was a report describing Investigator Dalton Bramwell's October 2016 interview of Priester in prison, wherein Priester described how he concluded that the unidentified black male observed with defendant was Priester's brother-in-law, Benny Drayton, now deceased.

In February 2018, the trial court heard argument on defendant's petition and motion for a new trial. In May 2018, the PCR court issued a written opinion denying the defendant's motion for a new trial and petition for PCR. The PCR court found the evidence proffered by defendant did not constitute reliable newly discovered evidence, would not have invalidated other independent evidence sufficient to sustain defendant's conviction, and she did not find Priester's assertions credible. The PCR court also concluded defendant did not establish a prima facie case of ineffective assistance of counsel. This appeal followed.

I.

5

Defendant's chief argument is that he is entitled to a new trial because newly discovered evidence, the identity of the confidential informant, demonstrates the police gave false testimony in the suppression hearing. Defendant asserts had he been made aware of the identity of the confidential informant the result of his trial would have been different.

The denial of a motion for a new trial will only be reversed on appeal if there has been a clear abuse of discretion by the trial judge. State v. Puchalski, 45 N.J. 97, 107 (1965) (citation omitted). In State v. Carter, 85 N.J. 300, 314 (1981), the Supreme Court "repeated the well-established standard for granting a new trial based on newly discovered evidence." State v. Nash, 212 N.J. 518, 549 (2013). To satisfy the standard for a new trial based on newly discovered evidence, defendant must demonstrate the evidence is "1) material, and not 'merely' cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was 'not discoverable by reasonable diligence beforehand'; and 3) that the evidence 'would probably change the jury's verdict if a new trial were granted.'" State v. Ways, 180 N.J. 171, 187 (2004). All three prongs of the test must be established before a defendant is granted the relief of a new trial. Ibid.

A-0540-18T4

"Newly discovered evidence must be reviewed with a certain degree of circumspection to ensure that it is not the product of fabrication, and, if credible and material, is of sufficient weight that it would probably alter the outcome of the verdict in a new trial." Id. at 187-88.

Here, nothing in the record warrants disturbing the PCR court's determination that Priester's representation was not credible. As the court noted, Priester's representation was based primarily on "connected dots," the representation occurred more than five years after the events leading to the arrest, and defendant brings forth no evidence corroborating this assertion. Further, Priester's assertion directly contradicts Wojtowicz's testimony that he knew the confidential informant and that the unidentified individual was not the informant.

Moreover, even if we were to assume the unidentified individual and the informant were the same person, this evidence is collateral and not likely to change both the judge's determination in the suppression motion and the jury verdict. In the direct appeal, Bultron, slip op. at 10-11, we determined there was independent evidence sufficient to sustain defendant's convictions, specifically, Sheridan's testimony that he personally observed defendant holding an object, which was later identified to be a brick of heroin, and displaying it to the

unidentified individual. Since defendant has failed to show the evidence would probably change the jury verdict, the PCR court did not err in denying the motion for a new trial.

II.

Defendant argues he received ineffective assistance during the criminal proceedings because his counsel did not move for disclosure of the identity of the confidential informant. Defendant contends this rendered him unable to call the informant as a witness and ultimately, deprived him of his constitutional right to confront his accuser and present a viable third-party liability defense. Defendant further asserts his counsel was ineffective for failing to file a motion of acquittal after the State's case.

To establish a claim for ineffective assistance of counsel, a defendant must satisfy a two-part test: 1) defendant must show that his attorney's performance was deficient; and 2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 49-53 (1987) (adopting the standard in Strickland). In order to satisfy this burden, the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel. He [or she] must allege facts sufficient to demonstrate counsel's alleged substandard performance."

A-0540-18T4

State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "Judicial scrutiny of counsel's performance must be highly deferential[,]" because there are many ways to provide effective assistance. Strickland, 466 U.S. at 689. In making a determination, courts must assess whether the attorney acted reasonably under prevailing professional norms. State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). Under both prongs of Strickland, a defendant carries the burden of proving their right to relief by a preponderance of evidence. Ibid.

We defer to the PCR court's factual findings made after an evidentiary hearing. See State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citations omitted). However, when the PCR court chooses not to conduct an evidentiary hearing, we review the factual inferences made by the PCR court de novo. We also review de novo the court's conclusions of law. Ibid.

Here the PCR judge rejected defendant's assertion that his counsel failed to adequately represent him because he failed to investigate the circumstances of the unknown male as meritless. Defendant's trial counsel filed multiple motions, including a motion to compel discovery to "find out who the unidentified black male was." After reviewing the record, the court found counsel zealously argued that he needed the information to represent his client;

9

however, despite his best efforts the trial judge determined defendant was not being prejudiced by the lack of discovery. The court also acknowledged that counsel even renewed his motion to suppress since the officers failed to identify the unidentified individual. We agree with the judge's conclusions.

The identity of a confidential informant is privileged information that the State need not disclose except under limited circumstances. N.J.R.E. 516; State v. Sessoms, 413 N.J. Super. 338, 343 (App. Div. 2010). The State may be required to disclose an informant's identity if "the judge finds that (a) the identity of the person furnishing the information has already been otherwise disclosed or (b) disclosure of his identity is essential to assure a fair determination of the issues." N.J.R.E. 516.

In assessing whether a confidential informant's identity should be revealed, the court's decision typically hinges on the role of the informant. Compare State v. Boone, 125 N.J. Super. 112, 113-14 (App. Div. 1973) (finding the State was privileged to protect the identity of an informant where a defendant was charged with possession, a crime which the informant did not participate.); and State v. Ifante, 116 N.J. Super. 252, 259 (App. Div. 1971) (upholding the denial of defendant's motion for disclosure as "[t]he informant's participation was not in the criminal activity for which defendant was convicted but rather in

the investigation leading up to surveillance."); with State v. Roundtree, 118 N.J. Super. 22, 32 (App. Div. 1971) (finding an informant's identity should have been revealed as the informant was an active participant in the transaction and was a material witness on the issue of defendant's guilt).

In State v. Milligan, 71 N.J. 373, 377-78 (1976), an informant introduced an undercover narcotic agent to the defendant, who was charged with the unlawful possession and distribution of heroin. The informant accompanied the agent and defendant to the place where the heroin sale was transacted but did not actually participate in the transaction. Id. at 378. There, the informant's limited involvement in the crime, the speculative significance of his testimony, and the reasons offered for the disclosure of the informant's identity, did not outweigh the State's interest in the free flow of information.

In State v. Oliver, 50 N.J. 39, 41-42 (1967), an informant accompanied an officer to a tavern where the defendant allegedly engaged in bookmaking. The State was not required to disclose the informant's identity as the informant played no part in the criminal event. Id. at 42. The Court noted the informant did not bet or induce the defendant to accept a bet from anyone. Ibid. The Court stated that the defense was unable to show the informant's testimony was necessary and the "defense could advance nothing more than an ungrounded

11

hope that if the inform[ant] were called as a defense witness, he would say something that would somehow discredit the trooper and lead to an acquittal." Ibid.

Like the defendants in <u>Milligan</u> and <u>Oliver</u>, defendant did not prove why the informant's testimony is necessary to his defense. The defendant's assertion that the confidential informant and the unidentified male are the same person is undoubtedly speculative as it is based solely on Priester "connecting the dots." Moreover, the unidentified individual was neither observed making an exchange with petitioner, nor did he have any money or contraband on him. Most notably, no transaction ever took place between the unidentified individual and the defendant and the unidentified individual was not presented as a witness. Since the motion was unlikely to succeed, the failure to raise this motion is not an ineffective assistance of counsel. <u>See</u> <u>State v. Worlock</u>, 117 N.J. 596, 625 (1990) ("failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").[1]

Defendant also asserts his trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal at the close of the State's case. This

---

[1] Since defendant has failed to establish the <u>Strickland</u> test, the PCR court is not obligated to grant an evidentiary hearing, and thus defendant's evidentiary hearing argument must fail. <u>See</u> <u>Cummings</u>, 321 N.J. Super. at 170.

A-0540-18T4

claim is procedurally barred as defendant failed to raise the claim at a prior proceeding.  <u>Rule</u> 3:22-4, -5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0540-18T4