**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3824-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN VEGA, a/k/a JOHN
GOMEZ, and HECTOR VARGAS,

    Defendant-Appellant.

---

Submitted October 23, 2025 – Decided November 20, 2025

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 15-12-1287, 16-09-0717, and 17-06-0335.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (SeoYi (Ivy) Kim, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Vega appeals from the court's June 7, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

A.   Defendant's Initial Indictments, Plea Hearing, and Sentencing.

In December 2015, defendant was indicted under Indictment No. 15-12-1287 and charged with:   fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count one); fourth-degree unlawful possession of a dagger, N.J.S.A. 2C:39-3(e) (count two); and fourth-degree certain persons not to possess a weapon, N.J.S.A. 2C:39-7(a) (count three).

In September 2016, defendant was indicted under Indictment No. 16-09-0717 and charged with:   third-degree terroristic threats, N.J.S.A. 2C:12-3(a) and/or N.J.S.A. 2C:12-3(b) (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count three); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3) (count four); and fourth-degree certain persons not to possess a weapon, N.J.S.A. 2C:39-7(a) (count five).

In October 2016, defendant pled guilty to count three of both the December 2015 and September 2016 indictments. In exchange for defendant's

guilty plea, the State agreed to recommend two years of non-custodial probation, conditioned on his successful completion of anger management counseling.

In December 2016, consistent with the terms of the plea agreement, defendant was sentenced to concurrent two-year probation terms for each count. In January 2017, the State filed violation of probation (VOP) charges against him.

B.  Defendant's Subsequent Indictment, Plea Hearing, and Sentencing.

In March 2017, a confidential informant contacted the New Jersey State Police regarding the distribution of controlled dangerous substances (CDS) by an individual the informant called "Bam Bam" out of an address, later determined to be defendant's home address, according to his driver's license. Based on that information, the police used the confidential informant to conduct two separate controlled buys from defendant at the residence, which was under police surveillance. These controlled buys were detailed in the supporting affidavit to search defendant's home and his person. Thereafter, police executed the warrant and seized CDS, digital scales, and two handguns.

Although defendant was not present at the time, police found utility bills in his name for the address and another residence. Officers then proceeded to the other residence to execute the search warrant for defendant's person. After

A-3824-23

knocking and being allowed entry, defendant surrendered and informed police, during their search of his person, he had a large folding knife on him, which resulted in his arrest. They also detected a strong odor of marijuana and found weapons in plain view during a protective sweep of the apartment. Later that day, police obtained a search warrant for the second property, based on the facts contained in the earlier affidavit, regarding defendant's home address and their search of defendant's person. During the subsequent search, police seized additional CDS and numerous weapons, including a sawed-off shotgun, which provided the basis for the charges under a new indictment.

In June 2017, defendant was indicted under Indictment No. 17-06-0335 and charged with: third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1) and 2C:2-6 (count one); third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3) and 2C:2-6 (count two); fourth-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(12) and 2C:2-6 (count three); second-degree possession of a firearm while committing a CDS offense, N.J.S.A. 2C:39-4.1(a) and 2C:2-6 (count four); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) and 2C:2-6 (count five); third-degree fortified premises, N.J.S.A. 2C:35-4.1(c) and 2C:35-5(a)(1) (count six); third-degree possession of a sawed-off

4

shotgun, N.J.S.A. 2C:39-3(b) (count seven); second-degree certain persons not to possess firearms, N.J.S.A. 2C:39-7(b)(1) (counts eight and nine); and fourth-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(a) (counts ten and eleven).

Defendant was not charged with any offenses related to the controlled sales he made to the confidential informant, only the items seized under the search warrants. During discovery and in opposing defendant's suppression motion, the State provided defendant with investigative reports, the search warrant affidavits, and the issued warrants—all of which described the confidential source's involvement in the investigation.

In September and October 2017, the court held hearings on defendant's VOP charges related to the December 2015 and September 2016 indictments. Defendant subsequently moved to suppress evidence seized under the two search warrants and arrest warrant under Indictment No. 17-06-0335, arguing there was insufficient probable cause for those warrants to be issued, and requested an evidentiary hearing. The court denied defendant's motion to suppress, finding he failed to make the requisite preliminary showing the warrants were obtained by "willfully false statement[s]" or statements made in "reckless disregard for

the truth."[1]  It further determined sufficient probable cause existed to issue the three warrants, reasoning they were supported by the direct observations of police and informed by their training and experience, which was detailed in the affidavits.  Additionally, on the same date, the court found defendant violated the conditions of his probation.

On February 2, 2018, defendant pled guilty to count seven of Indictment No. 17-06-0335.  In exchange for his guilty plea, the State agreed to dismiss the remaining charges in that indictment and recommended he serve a three-and-a-half-year prison sentence without the possibility of parole, pursuant to the Graves Act,[2] which would run concurrent to his VOPs.

On March 2, 2018, the court sentenced defendant to a three-and-a-half-year prison term to be served in full prior to his eligibility for release.  It also sentenced defendant to two consecutive eighteen-month sentences for the VOPs related to his December 2015 and September 2016 indictments, which the court ordered to run concurrently with his three-and-a-half-year sentence.

---

[1]  See Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

[2]  N.J.S.A. 2C:43-6(c).

A-3824-23

C.    Defendant's Appeal and PCR Hearing.

Thereafter, defendant appealed his convictions, arguing the trial court erred by denying his request for an evidentiary hearing on his claim the search warrants were based on materially false information and did not establish probable cause.  On February 4, 2020, we affirmed his convictions.  State v. Vega, No. A-4669-17 (App. Div. Feb. 4, 2020).  Defendant subsequently filed a petition for certification to the New Jersey Supreme Court, which was denied. State v. Vega, 241 N.J. 385 (2020).

In August 2020, defendant filed a pro se petition for PCR.  He subsequently filed a pro se certification in December 2021.  Thereafter, defendant was assigned counsel, who filed a supplemental brief on his behalf, arguing defendant's trial counsel was ineffective for providing erroneous advice, failing to object to the factual basis for the offenses he pled to, and failing to request additional discovery related to the confidential informant.

The PCR court subsequently entertained argument regarding defendant's PCR application.  On June 6, 2024, the court denied his petition without an evidentiary hearing, finding defendant had failed to establish a prima facie claim for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984).  It determined defendant had failed to overcome the "strong

7

presumption that [his] counsel's conduct f[ell] within the wide range of reasonable professional assistance," noting "the low likelihood that his trial attorney's efforts to pierce the informant's privilege would have been successful[,] especially where, as here, he has failed to advance a colorable claim to that type of safeguarded information."

The court explained, "it is well-settled that a trial attorney should not be found ineffective for failing to make an argument that lacks merit or would be unsuccessful." Thus, reasoning the confidential informant did not participate in the crime defendant was charged with, it concluded defendant could neither establish his attorney was ineffective nor that his trial attorney's failure to seek discovery related to the confidential informant prejudiced him.

## II.

Defendant raises the following point on appeal:

> DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. TRIAL COUNSEL FAILED TO MOVE TO REVEAL AN INFORMANT'S IDENTITY. THE ABSENCE OF THIS INFORMATION SERVED TO DENY DEFENDANT OF HIS RIGHT TO A FAIR TRIAL. DEFENDANT'S CLAIM IS SUPPORTED BY MATERIAL ISSUES OF DISPUTED FACTS LYING OUTSIDE THE RECORD. THE RESOLUTION OF THE DISPUTED FACTS NECESSITATED AN EVIDENTIARY HEARING. THE PCR COURT ERRED IN FAILING TO CONDUCT SUCH A

HEARING. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. I, PAR. 10; R. 3:22-10B.

A PCR court's conclusions of law are reviewed de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A judge's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review the factual inferences and legal conclusions drawn by the court de novo. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). A defendant must establish both prongs by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

9

As to the first prong, the Constitution requires "reasonably effective assistance." Strickland, 466 U.S. at 687.  Thus, an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases," ibid. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)), and instead "fell below an objective standard of reasonableness," id. at 688.  When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689.  "Merely because a trial strategy fails does not mean that counsel was ineffective."  State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)).

Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the]

defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citation omitted).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it

would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) they establish "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." To establish a prima facie case, a "defendant must demonstrate a reasonable likelihood that [their] claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); see also Marshall, 148 N.J. at 158. Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Rule 3:22-10(e) states:

A court shall not grant an evidentiary hearing:

12

> (1)  if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];
>
> (2)  if the defendant's allegations are too vague, conclusory or speculative; or
>
> (3)  for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that [they were] denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355).

Defendant argues he received ineffective assistance of counsel because his trial attorney never made a motion to disclose the identity of the State's confidential informant. He contends information about the informant's identity and involvement was imperative to his ability to explore the facts and develop an adequate defense; thus, defendant avers his trial attorney's failure to request that information denied him his right to a fair trial. Defendant posits such

13

information "may very well [have led] to the development of exculpatory admissible evidence."

Additionally, defendant contends the State has a duty to disclose when an informant is involved in an illicit transaction under State v. Cooper, 301 N.J. Super. 298 (App. Div. 1997), but claims he was deprived of any information about the confidential informant or how the confidential informant became aware of the information they conveyed to the police. Defendant asserts the PCR court's reasoning regarding the confidential informant's lack of participation in the crime defendant was ultimately charged with "unfairly creates a catch-[twenty-two] predicament impossible for [him] to overcome" because "absent knowing anything about the [informant], defendant could not make the case for disclosure." He further asserts he established a prima facie claim of ineffective assistance of counsel, and the PCR court should have granted him an evidentiary hearing to resolve material disputed issues of fact outside the record relating to the confidential informant's identity.

The identity of a confidential informant is privileged information the State need not disclose except under limited circumstances. N.J.R.E. 516; see also State v. Sessoms, 413 N.J. Super. 338, 343 (App. Div. 2010). The State may be required to disclose an informant's identity if "the judge finds that (a) the identity

14

of the person furnishing the information has already been otherwise disclosed or (b) disclosure of [their] identity is essential to assure a fair determination of the issues." N.J.R.E. 516.

In assessing whether a confidential informant's identity should be revealed, the court's decision typically hinges on the role of the informant. Compare State v. Boone, 125 N.J. Super. 112, 113-14 (App. Div. 1973) (finding the State was privileged to protect the identity of an informant where the defendant was "charged with possession, a crime in which the inform[ant] did not participate"), and State v. Infante, 116 N.J. Super. 252, 259 (App. Div. 1971) (upholding the denial of the defendant's motion for disclosure as "[t]he informant's participation was not in the criminal activity for which [the] defendant was convicted, but rather in the investigation leading up to the surveillance"), with State v. Roundtree, 118 N.J. Super. 22, 32 (App. Div. 1971) (finding an informant's identity should have been revealed as the informant was an active participant in the transaction and was a material witness on the issue of the defendant's guilt).

In State v. Milligan, an informant introduced an undercover narcotic agent to the defendant, who was charged with unlawful possession and distribution of heroin. 71 N.J. 373, 377-79 (1976). The informant accompanied the agent and

the defendant to the place where the heroin sale was transacted but did not actually participate in the transaction. Id. at 378. The Court held the informant's "limited involvement in the crime, the speculative significance of his testimony[,] and the reasons offered for the disclosure" of the informant's identity did not "outweigh the State's interest in protecting the free flow of information." Id. at 394.

Additionally, in State v. Oliver, an informant accompanied an officer to a tavern where the defendant allegedly engaged in bookmaking. 50 N.J. 39, 41-42 (1967). The Court held the State was not required to disclose the informant's identity as the informant played no part in the criminal event, reasoning the informant did not bet or induce the defendant to accept a bet from anyone. Id. at 42. It noted the defense had been unable to show the informant's testimony was necessary for a fair determination of the issues and "could advance nothing more than an ungrounded hope that if the inform[ant] were called as a defense witness, [they] would say something which would somehow discredit the [officer] and lead to an acquittal." Ibid.

We conclude the trial court did not err in finding defendant could not establish his trial counsel was ineffective or that he suffered any prejudice due to his counsel's failure to seek discovery related to the State's confidential

16

informant. As the PCR court noted, "it is well-settled that a trial attorney should not be found ineffective for failing to make an argument that lacks merit or would be unsuccessful," and defendant has not shown a motion to compel the identity of the confidential informant would have succeeded.

As in Milligan and Oliver, the State's confidential informant here did not participate in the crimes defendant was charged with in the indictment. The trial court found defendant was not charged with selling CDS to the informant. Rather, the State only charged defendant based on the evidence seized during the subsequent searches. The mere fact the informant provided information to police and participated in the controlled buys is insufficient to warrant the disclosure of the informant's identity.

Moreover, the informant's identity was not "essential to assure a fair determination of the issues," given the search warrants that led to defendant's charges were also based on police corroboration and were found to be supported by sufficient probable cause. See N.J.R.E. 516. Defendant's contention he was deprived of any information about the confidential informant, other than the information contained in the pre-sentence report, is belied by the fact that during discovery he was provided with investigative reports, the search warrant affidavits, and the issued warrants, all of which described the confidential

source's involvement in the investigation. See Cooper, 301 N.J. Super. at 306 ("When a person who may be a confidential informant is involved in an illicit transaction, the police must report the fact of that participation without identifying the individual . . . ."). Thus, because any motion by defendant's trial counsel for disclosure of the informant's identity would likely have been unsuccessful, it was reasonable for his counsel not to pursue it, and defendant cannot show deficient performance on this ground. Accordingly, defendant failed to satisfy the first prong of Strickland.

Additionally, defendant has not shown he was prejudiced by his counsel's failure to move for disclosure of the confidential informant's identity. Defendant asserts in a conclusory manner he was prejudiced by the "[in]ability to mount a meaningful defense . . . , which . . . served to deny him his right to a fair trial" but does not offer any reasoning as to how knowledge of the informant's identity may have changed the outcome of his petition. That is, defendant's speculative argument does not suggest how the informant's identity was necessary to mount his defense.

Although defendant concedes "not all discoverable evidence may be admissible," he nonetheless argues his counsel should have moved to disclose the informant's identity because "it may very well [have led] to the development

of exculpatory admissible evidence." However, this contention amounts to little more than a "bald assertion," as defendant offers no evidence demonstrating how disclosure of the informant's identity may have changed the outcome of his petition. See Cummings, 321 N.J. Super. at 170. Defendant's argument the PCR court "unfairly create[d] a catch-[twenty-two] predicament impossible for [him] to overcome," because he cannot make a case for disclosure without knowing anything about the informant, only further highlights defendant's inability to show a reasonable probability he would not have pled guilty had his counsel moved for disclosure.

Finally, the court properly determined an evidentiary hearing was not warranted, given defendant failed to make a prima facie showing of ineffective assistance of counsel or allege any material contested facts outside the record necessitating resolution. See R. 3:22-10(b). Defendant's allegations are instead speculative and conclusory. See R. 3:22-10(e). Thus, the record supports the PCR court's finding defendant failed to establish a prima facie claim of ineffective assistance of counsel because defendant cannot demonstrate either his counsel's deficient performance or prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

19

A-3824-23